UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRELL CHRISTOPHER, | : |
| Plaintiff | : CIVIL ACTION NO. 3:CV-13-2211 |
| v. | : (Judge Nealon) |
| UNITED STATES, et al., | : |
| Defendants | : |

**MEMORANDUM**

## I. Background

Plaintiff, Jerrell Christopher, an inmate currently confined in the Hazelton United States Penitentiary ("USP-Hazelton"), Bruceton Mills, West Virginia, filed the above-captioned action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.

Plaintiff alleges that he was provided inadequate dental treatment in violation of the FTCA, while confined at the Federal Detention Center in Philadelphia, Pennsylvania ("FDC-Philadelphia") and Canaan United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan") between February 21, 2012, and November 19, 2012. (Doc. 21, Amended Complaint). Specifically, he claims that as a result of the withholding of medication and providing reasonable dental care, he suffered nausea, headaches, ear aches, and sleep discomfort. (Doc.

21 at 1-4). Christopher also alleges puss left a permanent hole in his face. (Id.). As relief, he seeks injunctive relief in the form of immediate follow-up treatment so his tooth can be restored, $900,000 in monetary damages, and a jury trial.[1] Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 27). For the reasons set forth below, the motion to dismiss will be granted, in part, and denied in part. The motion for summary judgment will be dismissed without prejudice as premature.

Also before the court is Christopher's motion for leave to file a certificate of merit. (Doc. 31). The motion will be granted to the extent that Christopher will be afforded the opportunity to file a valid certificate.

## II. Motion to Dismiss

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

---

[1] Because the claims were filed against the United State under the FTCA, Plaintiff is not entitled to a jury trial. See 28 U.S.C. § 2402,

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir.1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 665 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it

3

contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant a plaintiff leave to amend his or her claim before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000).

### III. Discussion

#### 1. FTCA Sum Certain

To the extent that Defendants argue that Christopher is limited to the $150,000.00 amount he requested in the administrative tort claim, rather than the $900,000.00 requested in his amended complaint, Defendants' motion is granted.

Prior to filing an FTCA action against the United States, a plaintiff must first have presented the claim to the appropriate federal agency and the claim must have been denied. See 28 U.S.C. § 2675. Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir.1988). Specifically, 28 U.S.C § 2675(b) provides that an

"[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

On January 14, 2013, Christopher filed a Administrative Tort Claim, seeking $150,000.00 in damages. (Doc. 29-1 at 9, Claim for Damage, Injury or Death). On July 12, 2013, Christopher's claim was denied. (Doc. 29-1 at 13, July 12, 2013 Response from Northeast Regional Office). Thus, Plaintiff is limited to the $150,000.00 amount requested in his administrative remedy.

## 2. Certificate of Merit

Defendant seeks to dismiss the FTCA claim on the basis that Christopher failed to file a Certificate of Merit ("COM") as required by Pennsylvania Rule of Civil Procedure 1042.3. Under Pennsylvania law, a party filing an "action based upon an allegation that a licensed professional deviated from an acceptable standard," Pa R. Civ. P. 1042.3(a), must file a COM signed by the party or the party's attorney that attests to the fact that:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing

about the harm.

\* \* \*

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

\* \* \*

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend....

Pa. R. Civ. P. 1042.33. If a plaintiff fails to file the required certificate within sixty (60) days of filing the complaint, the proper procedure in federal practice is to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the professional negligence claim without prejudice. Stroud v. Abington Mem'l Hosp., 546 F.Supp.2d 236, 250 (E.D. Pa. 2008).[2] "[T]he sixty-day deadline for filing a COM will be strictly construed and not lightly excused...." Id. The rule applies to pro se and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir.2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); Maruca v. Hynick, No.

---

[2]The state statute provides that defendants may file a praecipe for entry of judgment of non pros. See Pa. R. Civ. P. 1042.6.

3:06–CV–00689, 2007 WL 675038, at *2 (M.D.Pa. Feb. 27, 2007) (finding "[T]he language of Rule 1042.3(a)—i.e., "or the plaintiff if not represented ... shall file ... a certificate of merit" expressly requires that a pro se plaintiff must file a certificate of merit.").

Failure to file either a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his or her failure to comply is justified by a "reasonable excuse." Perez v. Griffin, 304 Fed. App'x. 72, 75 (3d Cir. 2008) (per curiam) (nonprecedential); see also, Womer v. Hilliker, 589 Pa. 256, 908 A.2d 269, 279–80 (Pa. 2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); see also Pa. R. Civ. P. 1042.6 (authorizing entry of non pros judgment if a malpractice plaintiff fails to comply with Rule 1042.3); Walsh v. Consol. Design & Eng'g, Inc., No. Civ. A. 05–2001, 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.").

In response to Defendant's motion to dismiss, Christopher filed a motion for leave to file a COM. (Doc. 31). Therein, he contends that his failure to provide

the certificate in a timely manner should be excused because, "due to his status as a federal prisoner with limited access to a less than adequate law library", he has "limited knowledge of the law". (Id. at 1). He further states that he "truly feels that the legal issues in this case are relatively simple and will not require expert testimony." (Id.).

The case of Scaramuzza v. Sciolla, 345 F.Supp.2d 508 (E.D.Pa.2004) is instructive. In Scaramuzza, the plaintiff did not provide a certificate of merit within the deadline established by Rule 1042.3 but, rather, supplied it in response to the defendants' motion to dismiss. Id. at 509. The court noted that it "could dismiss plaintiff's complaint ... for failure to file a certificate of merit" but determined that the plaintiff's noncompliance was excused because a valid certificate was provided in response to the motion. Id. at 511–12.[3]

In the instant matter, because Christopher sought leave to file a COM, the court will deny Defendant's motion to dismiss on this point. However, the Court is mindful that Plaintiff's statement that he "truly feels that the legal issues in this

---

[3]The court also excused compliance because the United States Court of Appeals for the Third Circuit had not yet determined whether Rule 1042.3 qualified as substantive state law applicable in federal court, Id. at 511, an issue that has since been settled in that Pennsylvania's federal district courts have clearly determined that Rule 1042.3 constitutes a rule of substantive law. Perez v. Griffin, No. Civ. A. 06–1468, slip op. at 9, n. 8 (collecting cases), aff'd Perez v. Griffin, 304 F. App'x. 72, 74 (3d Cir.2008) (per curiam) (nonprecedential).

case are relatively simple and will not require expert testimony," (Doc. 31) does not constitute a valid COM. Where the conduct at issue constitutes an integral part of rendering medical treatment, and involves diagnosis, care, and treatment by a licensed professional, as is the case here, the action is one that is characterized as a professional negligence action requiring expert testimony. Smith v. Friends Hosp., 928 A.2d 1072, 1075–76 (Pa. Super. Ct. 2007); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 943–44 (3d Cir. 2007). In light of this requirement, Christopher will be afforded the opportunity to file a COM that complies with Rule 1042.3.[4]

## IV. Conclusion

For the aforementioned reasons, Defendant's motion to dismiss will be granted with respect to limiting Plaintiff's prayer for relief to the $150,000.00 amount he requested in the administrative tort claim. Defendant's motion to dismiss for Plaintiff's failure to timely file a COM will be denied, and Plaintiff's motion for leave to file a certificate of merit will be granted. Defendant's motion for summary judgment will be dismissed as premature.

---

[4] The COM must contain a written statement from an appropriate licensed professional that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards, and that such conduct was a cause in bringing about the harm. Pa. R. Civ. P. 1042.3(a)

A separate Order will be issued.


Dated: March 31, 2015         /s/William J. Nealon
                              **United States District Judge**